IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ELIZABETH ST. GERMAIN,  )
 )
    Plaintiff,  )
vs.  )  CASE NO.: 3:15-CV-324
 )
GRANNY NANNIES OF NORTH  )
AMERICA, LLC,  )
 )
    Defendant.  )
_____ /

# **C O M P L A I N T**

COMES NOW, Plaintiff, ELIZABETH ST. GERMAIN (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues GRANNY NANNIES OF NORTH AMERICA, LLC (hereinafter referred to as "Defendant"), and alleges:

## JURISDICTION AND VENUE

1. This is an action to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA").

2. Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the Act, 29 U.S.C. § 216(b).

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, ELIZABETH ST. GERMAIN, was an employee of the Defendant, during the three (3) years before the date on which this Complaint was filed, and worked for the Defendant at their office location in Gulf Breeze, Santa Rosa County, Florida.

5. Defendant, GRANNY NANNIES OF NORTH AMERICA, LLC, is a Florida Limited Liability Company duly licensed and organized under the laws of the State of Florida and is engaged in the business of providing specialized private duty home care services to the elderly.

6. The Defendant is headquartered in Longwood, Florida, and operates approximately twenty-four (24) offices in Florida and another eleven (11) offices outside of the State of Florida. The Defendant employs Certified Nursing Assistants (CNA), Home Health Aides (HHA), and companion sitters to perform/provide the Defendant's services.

7. Defendant, GRANNY NANNIES OF NORTH AMERICA, LLC, owns and operates an office in Gulf Breeze, Florida that is located at 5668 Gulf Breeze Parkway, Suite B-12, Gulf Breeze, Santa Rosa County, Florida 32563.

8. Defendant, GRANNY NANNIES OF NORTH AMERICA, LLC, is owned, operated, and managed by Robert D. Hodgson and Kirsten A. Hodgson.

## FACTUAL ALLEGATIONS

9. The Defendant, GRANNY NANNIES OF NORTH AMERICA, LLC (hereinafter "GRANNY NANNIES") is an employer and enterprise engaged in interstate commerce.

10. The Defendant, as part of its business, engages in interstate commerce by processing credit cards which are instruments of interstate commerce, by transacting business with foreign corporations which are part of interstate commerce, by purchasing equipment, products, materials, and supplies from suppliers and vendors out of state which are part of interstate commerce, by advertising on the World Wide Web to potential clients and customers outside of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

11. The Defendant, GRANNY NANNIES, has annual revenue of at least five hundred thousand dollars ($500,000.00).

12. The Defendant controls the day to day operations of GRANNY NANNIES and is actively involved in the day to day operations of GRANNY NANNIES including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals, marketing, setting service rates, and other business operations.

13. Defendant supervise the operations of GRANNY NANNIES including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

14. Defendant, at all times material, is the "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. The Plaintiff is, at all times material, an "employee" of the Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

16. The Defendant is the Plaintiff's employer.

17. The Defendant hired the Plaintiff, ELIZABETH ST. GERMAIN, in or about October 2011 to work for the Defendant as a Certified Nursing Assistant (CNA) at different locations throughout the Defendant's service area.

18. At least over eighty percent (80%) of the Plaintiff's duties were CNA duties.

19. The Plaintiff's daily work responsibilities included CNA duties such as, but not limited to, supporting and assisting patients/clients with personal hygiene and daily living needs, monitoring vital signs, completing necessary charts, logs, and other paperwork, and performing other CNA duties as assigned and/or necessary.

20. The Plaintiff's primary duties were that of a CNA, and she was required to maintain her licensure for such.

21. The Plaintiff was not a domestic service provider, a domestic caretaker, or a companionship service provider.

22. The Defendant controlled the Plaintiff's day to day activities, supervised, or had operational control over the Plaintiff.

23. At all times material herein, the Defendant controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendant was responsible for hiring the Plaintiff, having the ability to terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if overtime was to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, assigning the Plaintiff's work duties, and supervising the Plaintiff.

24. The Defendant had operational control over the Plaintiff.

25. The Defendant failed to pay the Plaintiff for each and every hour the Plaintiff worked for the Defendant.

26. The Defendant permitted the Plaintiff to work for it but did not pay her for all work that she performed for the Defendant.

27. The Plaintiff was an hourly employee.

28. On average, the Plaintiff worked approximately over 100 hours a week while employed with the Defendant.

29. The Defendant required and scheduled the Plaintiff for 24-hour shifts, paying the Plaintiff $160.00 per 24-hour shift.

30. The Plaintiff was not paid properly for all hours worked

31. The FLSA mandates that an employer pay any employee at least the minimum wage for each hour worked.

32. The Plaintiff regularly worked for the Defendant but was not paid at least the Federal Minimum Wage, for each hour worked as required by the FLSA.

33. The FLSA mandates an employer pay its employees time and a half for each and every hour worked in excess of forty (40) hours in a work week.

34. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employees receive compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times (1 ½) the regular rate of pay.

35. The Plaintiff was a "non-exempt" employee of the Defendant.

36. The Plaintiff regularly worked over forty (40) hours per week for the Defendant and was not paid one and one-half (1 ½) times her regular rate of pay for all hours that she worked over forty (40) hours in a work week.

37. The Defendant was aware that the Plaintiff worked in excess of forty (40) hours in a work week.

38. Plaintiff was not paid overtime compensation for each and every hour that she worked over forty (40) hours in a work week.

39. Defendant knew and was aware at all times that Plaintiff regularly worked more than forty (40) hours per week without overtime compensation.

40. Plaintiff was entitled to be paid at a rate of one and one-half (1 ½) times her regular hourly rate for each hour worked in excess of forty (40) in a work week.

41. Defendant failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work week.

42. The Defendant's actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage or overtime compensation, as required by the FLSA, were willful and not in good faith.

43. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## COUNT I – FAILURE TO PAY MINIMUM WAGE

44. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

45. The Plaintiff is an employee within the meaning of the FLSA.

46. The Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

47. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

48. The Plaintiff worked for the Defendant at its Gulf Breeze, Florida office and in the surrounding area(s) from approximately October 2011 through the present.

49. Defendant failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

50. The Defendant was aware it had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

51. The Defendant knew, or showed reckless disregard for the fact, that its failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

52. The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

53. Because of Defendant's actions, the Plaintiff had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

54. As a result of the unlawful acts of Defendant, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant's willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

B. Enter judgment for the Plaintiff declaring that the Defendant violated the minimum wage provisions of the Fair Labor Standards Act and enjoining the Defendant from refusing to pay minimum wages, as required by the FLSA, to Plaintiff or other employees in the future;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

D. Award Plaintiff an equal amount in liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

G. Plaintiff demands a trial by jury.

## COUNT II – FAILURE TO PAY OVERTIME

55. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through forty-three (43) above as if fully set forth herein.

56. The Plaintiff is an employee within the meaning of the FLSA.

57. The Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

58. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

59. The Defendant employed Plaintiff in excess of forty (40) hours in each work week without paying her at a rate of one and one half (1 ½) times her regular rate of pay for all hours worked in excess of forty in a work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

60. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

61. As a consequence of the Defendant's violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times her regular rate of pay for all hours she worked in excess of 40 hours for each week she was employed by the Defendant and for which she was not paid one and one half (1 ½) times her regular rate.

62. The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

63. The Defendant was aware the Plaintiff worked in excess of forty (40) hours in a workweek.

64. The Defendant failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

65. Because of Defendant's actions, Plaintiff has had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

66. As a result of the unlawful acts of Defendant's, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

   A. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant's willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

   B. Enter judgment for the Plaintiff declaring that the Defendant violated the overtime provisions of the Fair Labor Standards Act and enjoining the Defendant from refusing to pay overtime compensation, as required by the FLSA, to Plaintiff or other employees in the future;

   C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

   D. Award Plaintiff an equal amount in liquidated damages;

   E. Award Plaintiff reasonable attorney's fees and costs of suit; and

   F. Grant such other and further relief as this Court deems equitable and just.

   G. Plaintiff demands a trial by jury.

DATED this 21st day of July, 2015.

>Respectfully submitted,
>
>/s/ Jeremiah J. Talbott
>JEREMIAH J. TALBOTT, ESQ.
>FL Bar No. 015484
>TYLER L. GRAY, ESQ.
>FL Bar No. 0059738
>Law Office of Jeremiah J. Talbott, P.A.
>900 E. Moreno Street
>Pensacola, Fla. 32503
>(850) 437-9600 / (850) 437-0906 (fax)
>jjtalbott@talbottlawfirm.com
>civilfilings@talbottlawfirm.com
>*Attorneys for Plaintiff*