IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA,
PENSACOLA DIVISION

**ELIZABETH ST. GERMAIN,**

    Plaintiff,

v.                                                     Case No: 3:15-CV-00324

**GRANNY NANNIES OF NORTH AMERICA,
LLC; and MYHYLANDERS ELDERCARE,
LLC d/b/a GRANNY NANNIES,**

    Defendants.
_____/

**SUSAN TAIT,**

    Plaintiff,

vs.                                               Consolidated with Lead Case:
                                                         3:15-cv-00324

**GRANNY NANNIES OF NORTH AMERICA**    (original case: 3:15-cv-00441)
**LLC; MYHYLANDERS ELDERCARE,
LLC d/b/a GRANNY NANNIES,**

    Defendants.
_____/

<u>**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND INCORPORATED MEMORANDUM OF LAW
(NO SEPARATE SETTLEMENT AGREEMENT)**</u>

    COMES NOW, Plaintiffs, Elizabeth St. Germain and Susan Tait (hereinafter "Plaintiffs"), and Defendants, Myhylanders Eldercare, LLC and Granny Nannies of North America, LLC (hereinafter "Defendants"), and hereby jointly request that

this Court approve the parties' settlement of the above-captioned, consolidated matters. The parties believe that the settlement is fair and reasonable and hereby submit this Motion so that the claims can be settled and resolved.

## PRELIMINARY STATEMENT

Plaintiffs, who were CNAs working as caregivers for home-bound persons, filed their Complaints alleging that the Defendants, who operate Nurse Registries, violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), by failing to pay them overtime premium pay for each and every hour that they worked for the Defendants from January 1, 2015 through October 6, 2015 (the date of Plaintiffs' last work). Defendants denied liability for such claims. Nonetheless, in order to avoid the costs and uncertainty of litigation, the amount of back-due unpaid wages that could be owed based upon Plaintiffs' claims was calculated and Defendants agreed to settle the Plaintiffs claims. The parties have negotiated a Settlement Agreement in this matter (Settlement Agreement attached hereto as Exhibit "A"). In accordance with the Settlement Agreement, this Court's orders, and pursuant to Rule 41, *Federal Rules of Civil Procedure*, the parties stipulate and agree that this action should be dismissed with prejudice, with the parties to bear their own costs and fees in connection herewith, except as provided herein and in the Settlement Agreement.

**THE CLAIMS AND DEFENSES OF THE PARTIES**

Plaintiffs, who were CNAs, allege that they were employees of Defendants, which operate a Nurse Registry business, and that the Defendants' failed to pay them overtime pay for the overtime hours that they claim to have worked in 2015. Defendants deny any liability for overtime owed to Plaintiffs and assert the "companionship services" exemption from the overtime or minimum wage provisions of the FLSA, 29 U.S.C. § 213(a)(15).  Defendants argue that although the "companionship services" exemption was scheduled to expire on December 31, 2014, as the result of the U.S. Department of Labor's new regulations, such expiration did not occur on said date due to the D.C. District Court's ruling which vacated the regulations in the case of *Home Care Association of America, et al. v. Weil*.  See *Home Care Association of America, et al. v. Weil*, 76 F.Supp.3d 138 (D.D.C. 2014); *Home Care Association of America, et al. v. Weil*, 78 F.Supp.3d 123 (D.D.C. 2015).  Defendants assert that the D.C. District Court's vacatur of the DOL's new regulations remained in effect until August 2015, when the D.C. Circuit Court of Appeals reversed the District Court, and ruled that the DOL's new regulations constituted a valid exercise of the Department's rulemaking authority. *See Home Care Association of America, et al. v. Weil*, 799 F.3d 1084 (D.C. Cir 2015).  Defendants argue that since the D.C. Circuit Court's mandate went into

effect on October 13, 2015, the "companionship services" exemption did not expire until that date.  Defendants rely, in part, upon the Ohio District Court's opinion, in the case of *Catherine D. Bangoy, et al., v. Total Homecare Solutions, LLC*, Case No. 1:15-cv-00573-SSB-SKB, (W.D. Ohio December 21, 2015), in which District Judge Sandra S. Beck held that in light of the *Weil* case, the DOL's new regulations "should not be given retroactive effect in cases between private parties."  Plaintiffs disagree with Defendants' position in this regard and argue that because of the D.C. Circuit Court's opinion overturning the lower court in *Weil*, the DOL's new regulations regarding the "Companionship exemption" applied retroactively, starting on January 1, 2015.

Additionally, Defendant, Granny Nannies of North America, LLC, also deny any liability for Plaintiffs' claims on the basis that it was not a "joint employer" of either Plaintiff and, instead, Plaintiffs were employed solely by Defendant, Myhylanders Eldercare LLC.

This case involves a dispute in which the Court may allow Plaintiffs to settle and release their FLSA claims against Defendants.  The proposed settlement arises in an adversarial context, with pending litigation, and with the parties all being represented by counsel.  The FLSA claims which were asserted against Defendants

involve disputes about FLSA coverage and computation and, consequently, the settlement agreement represents a reasonable settlement of the disputed issues between the parties after settlement negotiations.

Plaintiffs claimed that they regularly worked more than forty hours in a work week, were not paid for all hours worked, including not being paid the overtime premium; In light of the evidence in this case, the Parties have agreed to resolve the claims so as to avoid further litigation and uncertainty.

To finally resolve and settle this case, Defendant, Myhylanders Eldercare, LLC, has agreed to pay Plaintiff, Elizabeth St. Germain, $13,000.00 as overtime premium, and to pay Plaintiff, Susan Tait, $4,000.00 as overtime premium. Defendant, Myhylanders Eldercare, has also agreed to pay Plaintiffs' attorneys' fees and costs of $23,325.00 (which represents $ 20,928.11 in fees and $2,396.89 in cost), payable to the Law Office of Jeremiah J. Talbott, in order to fully and completely resolve the claims.[1]  See Mediation Agreement attached as Exhibit A.

---

[1] The Plaintiffs worked as CNA's for Myhylanders Eldercare LLC from before January 1, 2015 and continued to work for Myhylanders through October 6, 2015. However, all time prior to January 1, 2015, Plaintiffs were exempt under the "companionship exemption."  The only work period that is applicable to this lawsuit is the time after January 1, 2015 through October 6, 2015.  During the applicable period, Plaintiffs were paid approximately $14.00/hour for all hours worked, but were not paid the overtime premium pay.  However, they were paid a flat fee of $20.00 if they went to the patient's home and only gave the patient a

Plaintiffs' attorneys declare that they have expended in excess of 80 hours of attorney time and over 7.5 hours of paralegal time, plus incurred costs of approximately $2,396.89 in the prosecution of this case. The total amount of attorney fees, including costs, which Defendant, Myhylanders Eldercare, LLC, has agreed to pay is $23,325.00, and is reasonable. This attorney's fee was agreed upon separately and without regard to the amount paid to Plaintiffs. THE ATTORNEY FEE IS COMPROMISED.

Defendants have also executed this agreement and agree that this agreement is enforceable as a contract and that no separate agreement is necessary to establish a binding contract. The monies due under this agreement are to be paid in the

---

bath, and they were paid a flat fee of $160 if they stayed with a patient for a 24 hour shift.

Based on payroll records, Plaintiff, St. Germain, worked approximately 1,620 hours of overtime during this period and Plaintiff, Tait, worked 364 hours. As such, assuming that the Plaintiffs were owed $7.00/hour as the overtime premium pay ($14.00 x .5), Ms. St. Germain would be owed unpaid overtime of approximately $11,340.00 in unpaid wages plus an equal amount of liquidated damages, and Ms. Tait would be owed $2,548.00 plus an equal amount of liquidated damages. However, if the Court found that the DOL's change to the "companionship exemption" was not retroactive to January 1, 2015, and the changes did not take effect until after the D.C. Appellate Court overturned the Circuit Court, then the Plaintiffs would recover no wages. To resolve the case, Myhylanders Eldercare LLC has agreed to pay the Plaintiffs the amounts of $13,000.00 (St. Germain) and $4,000.00 (Tait). Plaintiffs, in turn, have agreed to waive additional liquidated damages. The parties agree that this compromise settlement is reasonable under the circumstances.

following manner: (1) $17,000.00 (comprised of the payments to Plaintiffs) to Plaintiffs no later than May 4, 2016; and (2) $23,325.00 (attorney's fees and costs) to the Law Office of Jeremiah J. Talbott no later than June 1, 2016.  See Mediation Agreement attached as Exhibit A.

In accordance with Rule 41, *Federal Rules of Civil Procedure*, the Parties stipulate and agree that this action should be dismissed with prejudice, with the Parties to bear their own costs and fees in connection herewith, except as provided herein and in the Settlement Agreement.

During the litigation and settlement of this action, Plaintiffs and Defendants were represented by counsel experienced in FLSA litigation. The parties voluntarily agreed to the terms of their settlement agreement.  The parties were advised and represented by counsel throughout the litigation and the settlement process.  The parties contend that the settlement is reasonable and is fair.

With regard to Defendant, Granny Nannies of North America, LLC, the Plaintiffs take no money from said defendant in this case and agree to dismiss Granny Nannies of North America, LLC, with prejudice.  Defendant, Granny Nannies of North America, LLC, agrees that it is not entitled to any fees or costs in this matter.

**CONCLUSION**

The parties jointly and respectfully request that this Court approve the Settlement Agreement of the parties, and that it dismiss the instant action with prejudice.

Respectfully submitted on this the 27th day of April 2016.

                                                */s/ Jeremiah J. Talbott*
                                                JEREMIAH J. TALBOTT, ESQ.
                                                FL Bar No. 0154784
                                                TYLER L. GRAY, ESQ.
                                                FL Bar No. 0059738
                                                Law Office of Jeremiah J. Talbott, P.A.
                                                900 East Moreno Street
                                                Pensacola, FL  32503
                                                jjtalbott@talbottlawfirm.com
                                                civilfilings@talbottlawfirm.com
                                                *Attorneys for Plaintiffs*


                                                */s/ John B. Trawick*
                                                JOHN B. TRAWICK, ESQ.
                                                Fla. Bar No.: 67407
                                                McConnaughhay, Coonrod, Pope, Weaver,
                                                Stern & Thomas, P.A.
                                                316 South Baylen Street, Suite 500
                                                Pensacola, FL 32502
                                                jtrawick@mcconnaughhay.com
                                                salexander@mcconnaughhay.com
                                                *Counsel for Defendants*