UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ELIZABETH ST GERMAIN,**

    **Plaintiff,**

v.                                                                 Lead Case No. 3:15cv324/MCR/CJK

**GRANNY NANNIES OF NORTH
AMERICA LLC, and
MYHYLANDERS ELDERCARE LLC
doing business as
GRANNY NANNIES,**

    **Defendants.**
_____/

**SUSAN TAIT,**

    **Plaintiff,**

v.                                                                 Member Case No. 3:15cv441/MCR/EMT
                                                                 [Consolidated]

**GRANNY NANNIES OF NORTH
AMERICA LLC, and
MYHYLANDERS ELDERCARE LLC
doing business as
GRANNY NANNIES,**

    **Defendants.**
_____/

## ORDER

In this consolidated action against Defendants Granny Nannies of North America LLC and Myhylanders Eldercare LLC, doing business as Granny

Nannies, Plaintiffs Elizabeth St. Germain and Susan Tait seek unpaid minimum wages, overtime compensation, and liquidated damages, pursuant to the pursuant to the Fair Labor Standards Act ("FLSA"), see 29 U.S.C. § 201, *et seq.*, and Plaintiff St. Germain also alleged a claim of FLSA retaliation. Before the Court is the parties' Joint Motion for Approval of Settlement, ECF No. 40. The Court has fully considered the matter and finds that the proposed settlement is due to be approved.

"Congress made the FLSA's provisions mandatory; thus the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir.1982). The Eleventh Circuit explained in *Lynn's Food Stores* that claims for back-wages under the FLSA may be settled or compromised only when the Department of Labor supervises the payment of back-wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. More precisely, courts must determine whether a compromise of an FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In a comprehensive review of *Lynn's Food Stores* and the principles underlying the FLSA, the Middle District of Florida described this inquiry as involving both internal and external factors. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-43 (M.D. Fla. 2010). The internal factors

consider whether (1) the compromise is fair and reasonable to the employee; (2) the compromise resolves a bona fide dispute; (3) a confidentiality provision contravenes FLSA policy; (4) the compromise involves a prospective waiver of FLSA rights; and (5) the compromise awards reasonable attorney's fees. *See id.* The external factors look at whether the compromise otherwise frustrates the implementation of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243-44. In deciding the reasonableness of a compromise, the stage of the proceedings and amount of discovery completed are also factors to be considered, as well as the complexity of the claim, probable success on the claim, the range of possible recovery, and the opinions of counsel. *See id*. at 1241.

   The action involves bona fide disputes of fact.  Plaintiffs were licensed Certified Nursing Assistants employed by Defendants as caregivers for individuals who are home-bound.  They allege that they were non-exempt hourly employees who worked 24-hour shifts and regularly worked over 40 hours per week providing nursing services and performing some housekeeping duties.  They also allege that Defendants failed to pay them minimum wage for every hour worked plus overtime for every hour worked over 40 from January 1, 2015 through their last day of work for Defendants on October 6, 2015.  Defendants deny any liability,

maintaining that Plaintiffs are exempt and do not meet any exceptions and that Defendant Granny Nannies of North America, LLC was not a joint employer. Before reaching a settlement, Defendants had filed a motion for summary judgment, arguing that Plaintiffs are exempt. Defendants acknowledged that the Department of Labor ("DOL") had issued proposed regulations in October 2013 curtailing the scope of the companion services exemption and redefining "companion services," but they maintained that it was not effective during Plaintiffs employment because of a court order vacating the new rules. The order was subsequently reversed, but Defendants argued that the new rules should not be applied retroactively. They also argued in the summary judgment motion that Plaintiff St. Germain cannot prevail on her retaliation claim. The motion is pending.

In the parties' joint motion to approve the settlement, they represent that they reached a fair compromise through mediation. The parties explained that based on the hours and rates alleged, Plaintiff St. Germain would be owed unpaid overtime of $11,340 plus an equal amount of liquidated damages, and Plaintiff Tait would be owed $2,548 plus an equal amount of liquidated damages; however, if the Court determined that the DOL's new regulation were not retroactive, then Plaintiffs would not be entitled to recover any wages. Because of these uncertainties and disputes about the applicability of the DOL's new regulations, the

parties reached an agreement that Defendant Myhylanders Eldercare LLC would pay Plaintiff St. Germain $13,000 as overtime and would pay Plaintiff Susan Tait $4,000 as overtime, in exchange for Plaintiffs waiving any claim to liquidated damages.  The parties agree that Plaintiffs are due no money from Defendant Granny Nannies of North America LLC, and that the case should be dismissed with prejudice.

The Court finds that the settlement was reached through an adversarial process in which all parties have been represented by experienced counsel. The parties have adequately explained the facts and calculations underlying the basis for their compromise.  The compromise requires Plaintiffs to waive any right to liquidated damages, however, and a plaintiff cannot waive the right to liquidated damages in an FLSA settlement absent a genuine dispute about whether she is entitled to them. *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (citing *Lynn's Food Stores* and *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). The Court must ensure that there is a genuine dispute, thereby avoiding a waiver that would effectively nullify the deterrent effect of the important role liquidated damages plays in FLSA policy protection. *See id.* ("[K]nowledge on the part of the employer that he cannot escape liability for liquidated damages by taking advantage of the needs of his employees tends to insure compliance in the first place." (quoting *Brooklyn Savings Bank*, 324 U.S.

709-10)). Here, the claims to liquidated damages are subject to a genuine dispute based on factual questions surrounding Plaintiffs' status as exempt or non-exempt employees and legal questions regarding whether the DOL's new regulation should be applied retroactively. The parties state that they have compromised to avoid further litigation and uncertainties. The Court finds that the decision to compromise in this manner and the amount of the compromise are fair and reasonable on this record. *See Miller v. Am.'s Home Place, Inc.*, 3:09cv585-J-32MCR, 2011 WL 1357551, at *3 (M.D. Fla. Mar. 2, 2011) (finding compromise of liquidated damages was reasonable where "it would have been very difficult for Plaintiffs to show willful conduct" and the "Plaintiffs knowingly compromised their claims for liquidated damages in order to get a more favorable compromise on the number of unpaid overtime hours for which they would receive compensation"), *R&R adopted*, 3:09-CV-585-J-32MCR, 2011 WL 1357539 (M.D. Fla. Apr. 11, 2011). Also, the Plaintiffs have not released any prospective FLSA rights.

The parties represent that they have separately negotiated payment of Plaintiffs' costs and attorney's fees in the total amount of $23,325. This amount is compromised and represents complete satisfaction of any claim for attorney's fees and costs in connection with this action. The Court is satisfied that this separate agreement did not impact the amount of Plaintiffs' FLSA award.

Having fully considered the parties' motion and the record, the Court finds that there is sufficient information from which to determine that the parties' FLSA settlement is fair and reasonable. *See Lynn's Food Stores*, 679 F.2d at 1352.

Accordingly:

1. The Joint Motion for Approval of Settlement, ECF No. 40, is **GRANTED**.

2. The case is **DISMISSED with prejudice** as requested, pursuant to the parties' settlement.

3. There shall be no award of costs or attorney's fees, as those matters are dealt with in the settlement agreement.

4. All remaining pending motions are moot, and the Clerk is directed to close the file.

**DONE and ORDERED** on this 3rd day of May, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**